**Suljadin GUTIC, Petitioner–Appellant,**

v.

**Alberto R. GONZALES,[2] Respondent–Appellee.**

**No. 03–40465.**

United States Court of Appeals, Second Circuit.

Jan. 31, 2006.

Kweku Joseph Hanson, Hanson & Associates, Hartford, Connecticut, for Appellant.

---

**2.** Pursuant to Fed. R.App. P. 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Mary Trippler, Assistant United States Attorney, for Thomas B. Heffelfinger, United States Attorney, District of Minnesota, Minneapolis, Minnesota, for Appellee.

PRESENT: Honorable REENA RAGGI, Honorable PETER W. HALL, Circuit Judges, and Honorable EDWARD R. KORMAN,[1] District Judge.

## SUMMARY ORDER

Petitioner Suljadin Gutic ("Gutic"), a Muslim native of Montenegro, appeals the BIA's summary affirmance of an Immigration Judge's ("IJ") denial of Gutic's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Gutic submits that the IJ erred in concluding that he failed to present credible testimony of past religious and political persecution and that the government, in any event, had adequately rebutted any presumption of future persecution. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

To qualify for asylum, "a refugee must demonstrate past persecution or a well-founded fear of future persecution on a account of 'race, religion, nationality, membership in a particular social group, or political opinion.'" *Zhou Yun Zhang v. United States INS,* 386 F.3d 66, 70 (2d Cir.2004) (quoting 8 U.S.C. § 1101(a)(42)). If an applicant cannot support a claim for asylum, he will generally fail to satisfy the heavier burden for withholding of removal. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004); *Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003) (*per curiam* ). To qualify for CAT relief, an alien must demonstrate that it is more likely than not that, if returned to his native country, he would be tortured, as defined by CAT. *See Islami v. Gonzales,* 412 F.3d 391, 395–96 (2d Cir.2005).

When, as in this case, the BIA summarily affirms an IJ's decision, we review the decision of the IJ directly. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). The IJ's findings of fact "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Thus, we will not disturb an IJ's findings of fact if they are "supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Wu Biao Chen v. INS,* 344 F.3d at 275 (quoting *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000)). Indeed, "[w]hen a factual challenge pertains to a credibility finding made by an IJ and adopted by the BIA, we afford 'particular deference' in applying the substantial evidence standard," *Zhou Yun Zhang v. United States INS,* 386 F.3d at 73 (quoting *Montero v. INS,* 124 F.3d 381, 386 (2d Cir.1997)), provided the IJ has not misstated the record and has given specific, cogent reasons for the credibility ruling, thereby demonstrating that it is not based on bald speculation or caprice, *see id.* at 74; *see also Ramsameachire v. Ashcroft,* 357 F.3d at 178.

As these principles demonstrate, Gutic carries a heavy burden in challenging the IJ's adverse credibility finding. No matter. As the IJ recognized, even if Gutic's testimony had been found credible, so as to give rise to a presumptive fear of future persecution, *see* 8 C.F.R. § 208.13(b)(1), he would not be entitled to the relief sought because the government rebutted this presumption by showing, by a preponderance of the evidence, that a "change in circumstances in the applicant's country of na-

1. The Honorable Edward R. Korman, Chief Judge of the United States District Court for the Eastern District of New York, sitting by designation.

tionality has occurred such that the applicant's fear [of future persecution] is no longer well-founded." *Guan Shan Liao v. DOJ*, 293 F.3d 61, 67 (2d Cir.2002) (citing 8 C.F.R. § 208.13(b)(1)(i)); *see also Gao v. Gonzales*, 424 F.3d 122, 128 (2d Cir.2005) (noting that well-founded fear of future persecution has an objective as well as subjective component).

Gutic testified that he feared that, if returned to Montenegro, he would be beaten and killed. To the extent this fear derived from Gutic's claimed past persecution at the hands of Serbian reservists who allegedly beat him for helping refugees during the Kosovo conflict, we agree with the IJ that the government satisfied its burden of proving that conditions had sufficiently changed in Montenegro to make this fear objectively unreasonable by October 2001. The Kosovo conflict had ended, the former flood of refugees into Montenegro had slowed to a trickle, Slobodan Milosevic had been removed from power, and the Montenegrin government had achieved a considerable degree of independence from Yugoslavia and the Yugoslavian army. These same changed conditions support the IJ's conclusion that it was not objectively reasonable for Gutic to fear future persecution based on his past refusal to respond to a Yugoslav draft notice. *See Islami v. Gonzales*, 412 F.3d at 398 (concluding that end of Kosovo conflict rebutted fear that conscription would result in compelled participation in Serb-led military campaigns).

In sum, because Gutic's claim of past persecution, even if credible, would not support a well-founded fear of future persecution in light of substantial evidence of changed country conditions, we cannot fault the IJ's denial of relief from removal on any of the three grounds pursued.

The petition for review of the July 31, 2003 decision of the BIA is hereby DENIED.